UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
------------------------------------------------

|  |  |  |
|---|---|---|
| DESHAWN TYE, | : | CASE NO. 1:19CV01982 |
| Plaintiff, | : |  |
| vs. | : | OPINION & ORDER |
|  | : | [Resolving Doc. 1, 3] |
| ARMOND BUDISH, et al., | : |  |
| Defendants. | : |  |

------------------------------------------------

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

*Pro se* Plaintiff Deshawn Tye, a state prisoner confined at the Cuyahoga County Jail ("Jail"), brings this action pursuant to 42 U.S.C. § 1983 against defendants Armond Budish, Ken Mills, Cliff Pinkney, Emily McNeeley, Douglas Dykes, and Eric Ivey (collectively "Defendants").[1] Also before the Court is Plaintiff's motion for appointment of counsel.[2]

For the reasons that follow, this action is dismissed, and Plaintiff's motion for the appointment of counsel is denied as moot.

I. Background

According to the Complaint, Plaintiff has been incarcerated at the that Jail since December 10, 2015. He states that during that time, he has become depressed and sought mental health treatment. When he received treatment, he received the "least or improper" treatment and was prescribed "weak medication." Plaintiff also claims that the food trays at the Jail are unsanitary and he has at times been in lockdown for up to 20-21 hours per day

---

[1] Doc. 1.

[2] Doc. 3.

Case No. 1:19CV01982
Gwin, J.

without adequate opportunity for personal hygiene and use of the phone. Plaintiff alleges that the cells are leaky and moldy, the water contains lead, and the Jail contains asbestos. He believes the conditions in the Jail are harming his physical and mental health. For relief, Plaintiff asks this Court to compensate him in the amount of $15 Million Dollars for the conditions at the Jail which he alleges constitutes cruel and unusual punishment.[3]

## II. Discussion

### A. Standard of Review

Although *pro se* pleadings are liberally construed,[4] the Court is required to dismiss an *in forma pauperis* action under 28 U.S.C. § 1915(e) if it fails to state a claim upon which relief can be granted, or if it lacks an arguable basis in law or fact.[5] A claim lacks an arguable basis in law or fact when it is premised upon an indisputably meritless legal theory or when the factual contentions are clearly baseless.[6]

The dismissal standard for Fed. R. Civ. P. 12(b)(6) articulated in *Bell Atl. Corp. v. Twombly*,[7] and *Ashcroft v. Iqbal*,[8] governs dismissal for failure to state a claim under § 1915(e)(2)(B)(ii).[9] A cause of action fails to state a claim upon which relief may be granted when it lacks plausibility in the complaint. Fed. R. Civ. P. 8(a)(2) governs basic federal

---

[3] Doc. 1; 1-1.

[4] *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam); *Haines v. Kerner,* 404 U.S. 519, 520 (1972).

[5] *Neitzke v. Williams,* 490 U.S. 319, 328 (1989); *Sistrunk v. City of Strongsville,* 99 F.3d 194, 197 (6th Cir. 1996).

[6] *Neitzke,* 490 U.S. at 327.

[7] *Bell Atl. Corp. v. Twombly,* 550 U.S. 544 (2007).

[8] *Ashcroft v. Iqbal,* 556 U.S. 662 (2009).

[9] *Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010).

-2-

Case No. 1:19CV01982
Gwin, J.

pleading requirements[10] and requires that the pleading contain a short and plain statement of the claim showing that the pleader is entitled to relief.[11] In reviewing a complaint, the Court must construe the pleading in the light most favorable to the *pro se* plaintiff.[12]

### B. 42 U.S.C. § 1983

Plaintiff brings this action pursuant to 42 U.S.C. § 1983. In order to state a claim under § 1983, Plaintiff must plead that the Defendants, acting under color of state law, deprived him of a right secured by the Constitution and law of the United States.[13] Liberally construing the Complaint, Plaintiff claims that Defendants violated his constitutional rights under the Eighth and Fourteenth Amendments to be free from cruel and unusual punishment and were deliberately indifferent to the conditions of his confinement and medical needs.

Plaintiff does not, however, assert specific allegations of unconstitutional conduct against any of the Defendants. "[A]sserting a generic claim against unspecified defendants is insufficient to state a § 1983 claim[.]"[14] While the Court is required to liberally construe the Complaint, it is not required to construct legal claims on Plaintiff's behalf.[15]

---

[10] *Twombly,* 550 U.S. at 564.

[11] *Iqbal,* 556 U.S. at 677-78.

[12] *Bibbo v. Dean Witter Reynolds, Inc.*, 151 F.3d 559, 561 (6th Cir. 1998) (citing *Sistrunk*, 99 F.3d at 197).

[13] *Parratt v. Taylor*, 451 U.S. 527, 535 (1981), overruled on other grounds, *Daniels v. Williams*, 474 U.S. 327 (1986).

[14] *Mason v. Eddy*, No. 1:18 CV 2968, 2019 WL 3766804, at *10 (N.D. Ohio Aug. 9, 2019); *see also Gilmore v. Corr. Corp. of Am.*, 92 F. App'x 188,190 (6th Cir. 2004) (generic allegations against unspecified defendants are insufficient to support a plausible § 1983 claim).

[15] *Beaudett v. City of Hampton*, 775 F.2d 1274,1277-78 (Fourth Cir. 1985); *Erwin v. Edwards*, 22 F. App'x 579, 580 (6th Cir. 2001).

Case No. 1:19CV01982
Gwin, J.

To the extent that Plaintiff is claiming that Defendants are liable based upon their supervisory status, that claim fails. Supervisory officials cannot be liable for constitutional violations under 42 U.S.C. § 1983 solely on the basis of *respondeat superior*.[16] Accordingly, a plaintiff cannot establish the individual liability of a defendant for constitutional violations absent allegations showing that each defendant was personally involved in the conduct which forms the basis of his claims. "Because vicarious liability is inapplicable to ... § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution."[17] Moreover, "[s]upervisory liability under § 1983 cannot attach where the allegation of liability is based upon a mere failure to act."[18] "Rather, the supervisors must have actively engaged in unconstitutional behavior" and "liability must lie upon more than a mere right to control employees and cannot rely on simple negligence."[19] Plaintiff has not set forth any allegations sufficient to demonstrate that the Defendants are liable for the conditions Plaintiff complains of at the Jail.

Plaintiff fails to state a plausible § 1983 claim against the Defendants.

---

[16] *See Shehee v. Lutrell*, 199 F.3d 295, 300 (6th Cir. 1999) (citation omitted).

[17] *Iqbal,* 556 U.S. at 676.

[18] *Gregory v. City of Louisville*, 444 F.3d 725, 751 (6th Cir. 2006) (citation omitted).

[19] *Id.*

Case No. 1:19CV01982
Gwin, J.

### III. Conclusion

For the foregoing reasons, this case is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B) and is closed. Plaintiff's motion for appointment of counsel is moot and denied as such.[20]

The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

IT IS SO ORDERED.

Dated: August 10, 2020
                        *s/ James S. Gwin*
                        JAMES S. GWIN
                        UNITED STATES DISTRICT JUDGE

---

[20] Doc. 3.